IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00009-WYD

UNITED CAR CARE, INC., a Colorado corporation,

    Plaintiff,

v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICAN, n.k.a. ST. PAUL TRAVELERS, a Connecticut corporation,

    Defendant.

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant Travelers Casualty and Surety Company of America's Motion for Summary Judgment [# 21], filed June 7, 2006 ("Motion").  Plaintiff United Car Care, Inc. is seeking damages and a declaratory judgment against Defendant Travelers Casualty and Surety Company of America for breach of its insurance contract and breach of the duty of good faith and fair dealing. The claim at issue in this case arises out of a dispute involving a determination of Defendant's liability to defend and indemnify Plaintiff under an insurance policy that provided coverage for employment related liability.  The insurance policy at issue is a 'claims made' policy which is invoked by the transmittal of notice of the claim to the insurance company.

By way of background, Defendant issued an Employment Practices Liability

Policy for the period from March 30, 2000, to March 30, 2001 ("Policy"). (Def.'s Mot. at 1.) On February 14, 2001, Plaintiff sent Defendant a letter with information about a notice of a potential claim under the Policy. (Def.'s Mot. at 3; Pl.'s Resp. at 1.) Plaintiff believed it had satisfied the Policy's notice requirements. (Pl.'s Resp. at 3.) However, Defendant did not respond alleging that Plaintiff's letter did not constitute notice of a claim or potential claim under the Policy. (Def.'s Mot. at 3.) On January 13, 2005, Defendant disclaimed liability and a duty to defend Plaintiff because Plaintiff failed to provide a valid notice of claim or potential claim within the policy period. (Def.'s Mot. at 3-4.) In the case at hand, the issue in dispute is whether Plaintiff's letter constitutes sufficient notice under the Policy's notice requirement.

In the pending motion, Defendant asserts that it is entitled to summary judgment on Plaintiff's claim because it never received notice of a potential claim. The only communication from Plaintiff within the Policy period was the letter dated February 14, 2001. Defendant alleges that this letter fails to meet the Policy's definitions of a potential claim. Plaintiff filed a response to the Motion on June 27, 2006. A reply in support of Defendant's Motion was never filed. The Court has reviewed the briefs and considered all arguments and concludes that there are genuine issues of material facts regarding the matters raised in the Motion such that the Motion must be denied.

II.   ANALYSIS

   A.   Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

      B.    <u>Whether Summary Judgment is Proper in this Case</u>

I first address Defendant's assertion that Plaintiff is not entitled to coverage because Plaintiff failed to provide notice of a potential claim within the policy period. While it is undisputed that the Policy is a 'claims-made' policy which requires notice to invoke insurance coverage, I find that there are material facts in dispute concerning whether Plaintiff gave notice. Defendant cites both state and federal authority that stand for the proposition that notice of a claim within the policy period is a material part of the agreement between the parties. As such, an insured cannot be excused for untimely notice under a claims-made policy. *See St. Paul Fire and Marine Ins. Co. v. Hunt*, 811 P.2d 432 (Colo. App. 1991); *See Calocerinos & Spina Consulting Eng'rs P.C. v. Prudential Reinsurance Co.*, 856 F. Supp. 775 (W.D.N.Y. 1994). While I agree with this argument and the cited authority, I am not persuaded that it applies to the case at

hand.

Plaintiff stated that it complied with the notice requirement by sending a letter with information regarding a potential claim. Plaintiff further asserts that the letter constituted a reasonable effort to provide notice to the Defendant. The Defendant acknowledges receiving the letter, but determined it was insufficient and never responded. Accordingly, I find that there are disputed issues of material fact regarding whether Plaintiff's letter, dated February 14, 2001, constitutes reasonable notice under the language of the Policy.

III.   CONCLUSION

In conclusion, I find that Plaintiff demonstrated through its Response to Defendant's Motion for Summary Judgment that there are genuine issues of material fact regarding the issues raised in the Motion. Therefore, it is hereby

ORDERED that Defendant Travelers Casualty and Surety Company of America's Motion for Summary Judgment [# 21], filed June 7, 2006, is **DENIED**.

Dated: December 1, 2006

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge